**ORIGINAL**

SEND

1  Les J Weinstein (State Bar No. 36727)
   William J. Brutocao (State Bar No. 75959)
2  A. Eric Bjorgum (State Bar No. 198392)
   SHELDON MAK ROSE & ANDERSON PC
3  100 East Corson Street, Third Floor
   Pasadena, California 91103-3842
4  Telephone: (626) 796-4000
   Facsimile: (626) 795-6321
5  E-Mail: ebjorgum@usip.com

6  Attorneys for Plaintiff
   KENT TWITCHELL
7

8              UNITED STATES DISTRICT COURT FOR

9            THE CENTRAL DISTRICT OF CALIFORNIA

10                      WESTERN DIVISION

11
                              )  Case No. CV 06-4857 FMC (RZx)
12  KENT TWITCHELL             )
                              )
13                Plaintiff,   )  **STIPULATION REGARDING**
                              )  **SECOND AMENDED COMPLAINT**
14        v.                   )
                              )  **[L.R. 15-3]**    + order.
15  WEST COAST GENERAL         )
    CORPORATION; SOUTHERN      )
16  CALIFORNIA CONTRACTORS,    )
    INC.; YOUNG WOMEN'S        )
17  CHRISTIAN ASSOCIATION OF   )
    GREATER LOS ANGELES,       )
18  CALIFORNIA; PB DEWBERRY, A )
    PARSONS BRINKERHOFF        )
19  DEWBERRY DESIGN GROUP      )
    JOINT VENTURE; JOHN        )
20  FRALEY; ROBERT BLEW;       )
    UNITED STATES OF AMERICA;  )
21  UNITED STATES DEPARTMENT   )
    OF LABOR; CASTLEROCK       )
22  ENVIRONMENTAL, INC.;       )
    SUPERIOR WALL SYSTEMS,     )
23  INC.; SAUNDERS & McMILLIN, )
    INC.; RICHARD P. WALLACE;  )
24  DELON HAMPTON &            )
    ASSOCIATES, CHARTERED; and )
25  DOES 1-10, *et al* ,       )
                              )
26          Defendants.        )
                              )
27

28

*NOTE CHANGES MADE BY THE COURT.*

RECEIVED BUT NOT FILED
AUG 20 2007
U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
AUG 2 2 2007
CENTRAL DISTRICT OF CALIFORNIA
BY CSL DEPUTY

DOCKETED ON CM
AUG 2 3 2007
BY Bg    010

94



1   The parties to the above-entitled action hereby stipulate as follows:

2   WHEREAS, certain parties were not correctly identified in the original

3   Complaint or First Amended Complaint;

4   WHEREAS, certain Doe defendants have now been identified;

5   WHEREAS, Plaintiff has recently learned that Richard P. Wallace

6   ("Wallace"), an individual who, on information and belief, is liable for the

7   desecration of the Ruscha Monument, is an employee of Delon Hampton  &

8   Associates, Chartered ("DHA");

9   WHEREAS, addition of the DHA and Wallace as Defendants necessitates an

10   extension of the deadlines previously set by the Court; and

11   WHEREAS, certain facts have come to light necessitating that a claim for

12   negligent supervision be added against certain Defendants,

13   IT IS AGREED AND STIPULATED (i) that Plaintiff Kent Twitchell may

14   file and serve the attached Second Amended Complaint, which will be deemed

15   served when this stipulation is signed by the Court, pursuant to L.R. 15-3 (ii) that a

16   Defendant's Answer to the First Amended Complaint in this action may be deemed

17   its response to the Second Amended Complaint; (iii) that any new material

18   allegation may be deemed denied; (iv) that any Defendant other than the United

19   States shall have twenty (20) days to respond, should a Defendant choose to do so;

20   (v) that the United States' time to respond, if any, shall be determined when the

21   Court rules on its pending motion to dismiss; and (vi) that the dates in this matter

22   should be continued for sixty (60) days as set forth below:

|  | Existing Date | Proposed Date |
|---|---|---|
| Discovery Cutoff | October 29, 2007 | December 28, 2007 |
| Last Day to Add Parties | October 29, 2007 | December 28, 2007 |
| Expert Designation | Per FRCP | Per FRCP |
| Last Day to Hear Motions | Dec. 10, 2007 | March 5, 2008 |

23, 24, 25, 26, 27, 28

1

| | | |
|---|---|---|
| Last Day to Complete Settlement Procedure | November 29, 2007 | January 28, 2008 |
| Pre Trial Conference | January 14, 2008 | March 17, 2008 |
| Trial | February 5, 2008 | April 7, 2008 |

IT IS SO STIPULATED.

Dated: August 20, 2007

SHELDON MAK ROSE & ANDERSON PC

By: _____
Eric Bjorgum
WILLIAM J. BRUTOCAO

Attorneys for Plaintiff
Kent Twitchell

Dated:

DLA PIPER US LLP

By: _____
Henry H. Oh, Esq.

Attorneys for Defendants
The YWCA of Greater Los Angeles, California
and John Fraley

Dated:

SCHWARTZ & JANZEN, LLP

By: _____
Steven H. Schwartz, Esq.

Attorneys for Defendant
PB Dewberry a Parsons Brinkerhoff Dewberry
Design Group Joint Venture

| | | |
|---|---|---|
| Last Day to Complete Settlement Procedure | November 29, 2007 | January 28, 2008 |
| Pre Trial Conference | January 14, 2008 | March 17, 2008 |
| Trial | February 5, 2008 | April 7, 2008 |

IT IS SO STIPULATED.

Dated:

SHELDON MAK ROSE & ANDERSON PC

By: _____
        Eric Bjorgum

Attorneys for Plaintiff
Kent Twitchell

Dated: 8- 9- 07

DLA PIPER US LLP

By: _____
        Henry H. Oh, Esq.

Attorneys for Defendants
The YWCA of Greater Los Angeles, California
and John Fraley

Dated:

SCHWARTZ & JANZEN, LLP

By: _____
        Steven H. Schwartz, Esq.

Attorneys for Defendant
PB Dewberry a Parsons Brinkerhoff Dewberry
Design Group Joint Venture

2

| | |
|---|---|
| Last Day to Complete Settlement Procedure | November 29, 2007     January 28, 2008 |
| Pre Trial Conference | January 14, 2008     March 17, 2008 |
| Trial | February 5, 2008     April 7, 2008 |

IT IS SO STIPULATED.

Dated:

SHELDON MAK ROSE & ANDERSON PC

By: _____
      Eric Bjorgum

Attorneys for Plaintiff
Kent Twitchell

Dated:

DLA PIPER US LLP

By: _____
      Henry H. Oh, Esq.

Attorneys for Defendants
The YWCA of Greater Los Angeles, California
and John Fraley

Dated: 8/17/07

SCHWARTZ & JANZEN, LLP

By _____
      Steven H. Schwartz, Esq.

Attorneys for Defendant
PB Dewberry a Parsons Brinkerhoff Dewberry
Design Group Joint Venture

2

1  Dated:  8/14/07          MARKS, GOLIA & FINCH, LLP

2                            By: _____
                                 Jason R. Thornton, Esq.
3
                            Attorneys for Defendants
4                           West Coast General Corp. Southern California
                            Contractors, Inc. and Robert Blew
5

6

7                           LAW OFFICES OF GLENN M. HORAN

8  Dated:                   By: _____
                                 Glenn M. Horan, Esq.
9
                            Attorneys for Defendant
10                          Castlerock Environmental, Inc.

11

12

13  Dated:                  RAMEY & DeBLANC, LLP

14                          By: _____
                                 John Ramey, Esq.
15
                            Attorneys for Defendant Saunders & McMillin,
16                          Inc.

17

18  Dated:                  WALSWORTH, FRANKLIN, BEVINS &
                            McCALL, LLP
19

20
                            By: _____
21                               Wesley Tonel, Esq.

22                          Attorneys for Defendant Superior Wall Systems,
                            Inc.
23

24

25

26

27

28

                                    3

1   Dated:                          MARKS, GOLIA & FINCH, LLP

2                                   By: _____
                                        Jason R. Thornton, Esq.
3
                                    Attorneys for Defendants
4                                   West Coast General Corp. Southern California
                                    Contractors, Inc. and Robert Blew
5

6

7                                   LAW OFFICES OF GLENN M. HORAN

8   Dated: 8/16/07                  By: _____
                                        Glenn M. Horan, Esq.
9
                                    Attorneys for Defendant
10                                  Castlerock Environmental, Inc.

11

12

13  Dated:                          RAMEY & DeBLANC, LLP

14                                  By: _____
                                        John Ramey, Esq.
15
                                    Attorneys for Defendant Saunders & McMillin,
16                                  Inc.

17

18  Dated:                          WALSWORTH, FRANKLIN, BEVINS &
                                    McCALL, LLP
19

20
                                    By: _____
21                                      Wesley Tonel, Esq.

22                                  Attorneys for Defendant Superior Wall Systems,
                                    Inc.
23

24

25

26

27

28

3

1 Dated:      MARKS, GOLIA & FINCH, LLP

2          By: _____

3             Jason R. Thornton, Esq.

4          Attorneys for Defendants
           West Coast General Corp. Southern California

5          Contractors, Inc. and Robert Blew

6

7          LAW OFFICES OF GLENN M. HORAN

8 Dated:      By: _____

9             Glenn M. Horan, Esq.

10         Attorneys for Defendant
           Castlerock Environmental, Inc.

11

12

13 Dated:      RAMEY & DeBLANC, LLP

14         By: _____

15           John Ramey, Esq.

16         Attorneys for Defendant Saunders & McMillin,
           Inc.

17

18 Dated:      WALSWORTH, FRANKLIN, BEVINS &

19          McCALL, LLP

20

21         By: _____
             Wesley Tonel, Esq.

22         Attorneys for Defendant Superior Wall Systems,

23         Inc.

24

25

26

27

28

3

1    Dated:

2

3

4

5

6

7

8    Dated:

9

10

11

12

13   Dated:

14

15

16

17

18

19   Dated:

20

21

22

23

24

25

26

27

28

MARKS, GOLIA & FINCH, LLP

By: _____
      Jason R. Thornton, Esq.

Attorneys for Defendants
West Coast General Corp. Southern California
Contractors, Inc. and Robert Blew

LAW OFFICES OF GLENN M. HORAN

By: _____
      Glenn M. Horan, Esq.

Attorneys for Defendant
Castlerock Environmental, Inc.

RAMEY & DeBLANC, LLP

By: _____
      John Ramey, Esq.

Attorneys for Defendant Saunders & McMillin,
Inc.

WALSWORTH, FRANKLIN, BEVINS &
McCALL, LLP

By: _____
      Wesley Toner, Esq.

Attorneys for Defendant Superior Wall Systems,
Inc.

3

This fax was received by GFI FAXmaker fax server. For more information, visit http //www.gfi com

1    Dated:

OFFICE OF THE U.S. ATTORNEY

2

3    By: _____

Russell W. Chittenden, Esq.
Assistant United States Attorney

4

Attorneys for Defendants
5    United States of America and
United States Department of Labor

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# [PROPOSED] ORDER

IT IS HEREBY ORDERED THAT:

(i) Plaintiff Kent Twitchell may file and serve the attached ~~First~~ *Second* Amended Complaint, which will be deemed served when this stipulation is signed by the Court, pursuant to L.R. 15-3 (ii) that a Defendant's original Answer in this action may be deemed its response to the Second Amended Complaint; (iii) that any new material allegation may deemed denied; (iv) that any Defendant other than the United States shall have twenty (20) days to respond, should a Defendant choose to do so; (v) that the United States shall respond per the pending ruling on its motion to dismiss; and (vi) that the dates in this matter should be continued for sixty (60) days as set forth below:

|                                        | Existing Date      | Proposed Date      |
| -------------------------------------- | ------------------ | ------------------ |
| Discovery Cutoff                       | October 29, 2007   | December 28, 2007  |
| Last Day to Add Parties                | October 29, 2007   | December 28, 2007  |
| Expert Designation                     | Per FRCP           | Per FRCP           |
| Last Day to Hear Motions               | Dec. 10, 2007      | March 3, 2008      |
| Last Day to Complete Settlement Procedure | November 29, 2007 | January 28, 2008  |
| Pre Trial Conference                   | January 14, 2008   | March 17, 2008     |
| Trial                                  | February 5, 2008   | April 8, 2008      |

Dated: 8/22/07

By: _____
Florence-Marie Cooper, Judge
United States District Court

5

SCANNED

Les J Weinstein (State Bar No. 36727)
William J. Brutocao (State Bar No. 75959)
A. Eric Bjorgum (State Bar No. 198392)
SHELDON MAK ROSE & ANDERSON PC
100 East Corson Street, Third Floor
Pasadena, California 91103-3842
Telephone: (626) 796-4000
Facsimile: (626) 795-6321
E-Mail: ebjorgum@usip.com

Attorneys for Plaintiff
KENT TWITCHELL

UNITED STATES DISTRICT COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KENT TWITCHELL,<br><br>Plaintiff,<br><br>v.<br><br>WEST COAST GENERAL CORPORATION; SOUTHERN CALIFORNIA CONTRACTORS, INC.; YOUNG WOMEN'S CHRISTIAN ASSOCIATION OF GREATER LOS ANGELES, CALIFORNIA; PB DEWBERRY, A PARSONS BRINKERHOFF DEWBERRY DESIGN GROUP JOINT VENTURE; JOHN FRALEY; ROBERT BLEW; UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF LABOR; CASTLEROCK ENVIRONMENTAL, INC.; SUPERIOR WALL SYSTEMS, INC.; SAUNDERS & McMILLIN, INC.; RICHARD P. WALLACE; DHA & ASSOCIATES, CHARTERED; and DOES 1-10,*et al.*,<br><br>Defendants. | Case No. CV 06-4857 FMC (RZx)<br><br>SECOND AMENDED COMPLAINT FOR:<br>(i)   VIOLATION OF THE VISUAL ARTISTS ACT OF 1990 (17 U.S.C. § 106A);<br>(ii)  INTENTIONAL DESECRATION OF A WORK OF FINE ART (Cal. Civ. Code § 987(c) (1), (e));<br>(iii) GROSSLY NEGLIGENT DESECRATION OF A WORK OF FINE ART (Cal Civ. Code § 987(c) (2), (e));<br>(iv)  CONVERSION;<br>(v)   NEGLIGENCE;<br>(vi)  STATUTORY UNFAIR COMPETITION; and<br>(vii) NEGLIGENT SUPERVISION |

Plaintiff Kent Twitchell ("Twitchell" or "Plaintiff") complains and alleges against the named Defendants and Does 1-10 (collectively, "Defendants"), on personal knowledge as to his own actions and on information and belief as to the actions of others, as follows:

## INTRODUCTION TO SECOND AMENDED COMPLAINT

1.      This Second Amended Complaint ("SAC") adds as Defendants Delon Hampton & Associates, Chartered ("DHA") and Richard P. Wallace.   The SAC is necessary because, prior to this amendment, only limited information was made available to Plaintiff regarding the identity of Mr. Wallace's employer and Mr. Wallace's individual role in this matter.

2.      The SAC also adds claims against two of the existing parties and DHA for negligent supervision.

## JURISDICTION AND VENUE

3.      This action arises under section 106A of the Copyright Act of 1976, as amended in 1990 to include the Visual Artists Rights Act ("VARA").  This Court has jurisdiction over matters arising under VARA pursuant to 28 U.S.C. § 1331 (federal question actions), 28 U.S.C. § 1338 (a) (exclusive jurisdiction over copyright actions) and 17 U.S.C. § 501 (remedies for copyright infringement include rights under VARA).  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims because they arise from the same facts and concern the same subject matter as the federal claims.

4.      The action against the United States arises under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346.  Jurisdiction over the United States in this Court is predicated on 28 U.S.C. § 1346(b).  As required by 28 U.S.C. § 2675, Plaintiff filed an administrative claim with the United States Department of Labor

1  ("DOL") (the appropriate federal agency) on or about July 17, 2006.   That claim

2  has been left without action by the agency for six months.  A true and correct copy

3  of that claim is attached hereto as Exhibit D.  Plaintiff can assume that the claim

4  has been denied and that his administrative remedies have  been exhausted, so that

5  jurisdiction in this Court is appropriate.  28 U.S.C. § 2675.

6       5.     Defendants are subject to the personal jurisdiction of this Court

7  inasmuch as they are located in California or have purposefully availed themselves

8  of the privileges of doing business in California with regard to the actions alleged

9  herein, and such jurisdiction is reasonable.

10       6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1)

11  (because all Defendants are physically located in California or are corporations

12  residing in California for purposes of venue, and at least one of them is located in

13  the Central District of California), 28 U.S.C. § 1391(b)(2) (because a substantial

14  part of the acts complained of occurred in the Central District of California and the

15  property at issue is located in the Central District of California) and 28 U.S.C. §

16  1391(b)(3) (because at least one defendant resides in the Central District of

17  California, and there is no other district in which this action may otherwise be

18  brought).

19       7.     Venue against the United States is proper in this district pursuant to 28

20  U.S.C. § 1402(b) because plaintiff resides in this district and the acts or omissions

21  occurred in this district.

22                     **PARTIES**

23       8.     Plaintiff Twitchell is an individual residing in Los Angeles County,

24  California.  Twitchell is an accomplished muralist and artist who created the 10,000

25  square foot mural known as the "Edward Ruscha Monument" ("Ruscha

26  Monument") that is the property at issue in this action.

27       9.     On information and belief, Defendant United States operates the Job

28  Corps program through the DOL.  On information and belief, the Job Corps

1   currently operates directly under the Secretary of the DOL, pursuant to the

2   Department of Labor Appropriations Act, 2006, Pub. L. 109-149. On information

3   and belief, the Job Corps is a program administered by a partnership between the

4   United States and local private or government organizations, which periodically bid

5   on the contract for administration of the Job Corps. On information and belief, all

6   buildings housing Job Corps centers are owned and operated directly by the DOL,

7   not another agency (such as the General Services Agency which operates many

8   federal buildings).

9        10.    On information and belief, Defendant Southern California

10   Contractors, Inc. ("Southern California Contractors") is a California corporation

11   with its principal place of business in Huntington Beach, California.

12        11.    On information and belief, Defendant West Coast General Corporation

13   ("West Coast General") is a California corporation with its principal place of

14   business in Poway, California.

15        12.    On information and belief Defendant PB Dewberry, A Parsons

16   Brinkerhoff Dewberry Design Group Joint Venture ("PB Dewberry") (previously

17   sued as Dewberry & Davis Service Operations, Inc.) is an unknown entity with its

18   principal place business in Arlington, Virginia.

19        13.    On information and belief, Young Women's Christian Association Of

20   Greater Los Angeles, California ("YWCA") (previously sued as YWCA of Greater

21   Los Angeles Development Corporation) is a California corporation which operates

22   the Los Angeles Job Corps Center pursuant to a contract with the DOL.

23        14.    On information and belief, Defendant Robert Blew is an individual

24   employed by West Coast General and residing in or around San Diego County,

25   California.

26        15.    On information and belief, Defendant John Fraley is an individual

27   employed by the YWCA/Job Corps and residing in or around Los Angeles County,

28   California.

1        16.    Upon information and belief, Defendant Castlerock Environmental,

2 Inc. ("Castlerock"), is a California corporation with its principal place of business

3 in Santa Fe Springs, California.

4        17.    Upon information and belief, Defendant Superior Wall

5 Systems, Inc. ("Superior Wall), is a California corporation with its principal place

6 of business in Fullerton, California.

7        18.    Upon information and belief, Defendant Saunders & McMillin, Inc.

8 ("Saunders & McMillin"), is a California corporation with its principal place of

9 business in Riverside, California.

10        19.    On information and belief, Delon Hampton & Associates, Chartered

11 ("DHA") is a professional corporation with its headquarters and place of

12 incorporation in Washington, D.C., and an office in Los Angeles, California.

13        20.    On information and belief, Defendant Richard P. Wallace is an

14 individual living in or around Arlington, Virginia, and at all relevant times was an

15 employee or agent of DHA or PB Dewberry, and Mr. Wallace's job title was "PB

16 Dewberry Regional Project Manager."

17        21.    Twitchell is unaware of the true names and capacities, whether

18 individual, corporate, associate or otherwise, of defendants Does 1 through 10,

19 inclusive, or any of them, and therefore sues these defendants, and each of them, by

20 fictitious names.  Plaintiffs will seek leave of this court to amend this complaint

21 when the status and identities of these defendants are ascertained.

22        22.    Specifically, on information and belief, Defendants Does 1-3 are

23 business entities or individuals operating in California and who worked as

24 contractors, subcontractors or in conjunction with other named defendants to

25 desecrate the Ed Ruscha Monument, as discussed further below.

26        23.    On information and belief, Defendants Does 4-6 are individuals

27 working on behalf of the United States/DOL, the United States General Services

28 Administration, or some other federal agency and who operated outside of their

1     authorized capacity and have individual liability for the desecration of the Ed

2     Ruscha Monument and may have liability for the actions complained of herein.

3          24.    On information and belief, Defendants Does 7-10 are individuals for

4     business entities working alone or in conjunction with any of the private or public

5     entities identified herein and who may have liability for the acts described herein.

6     If necessary, Plaintiff reserves the right to request leave to identify additional Doe

7     defendants, should their number exceed 10.

8          25.    Plaintiff Twitchell is informed and believes, and on that basis alleges,

9     that at all relevant times mentioned in this Complaint, Defendants were acting in

10    concert and active participation with each other in committing the wrongful acts

11    alleged herein, and were agents of each other and were acting within the scope and

12    authority of that agency and with knowledge, consent and approval of one another.

13         26.    Plaintiff Twitchell is informed and believes, and on that basis alleges,

14    that at all relevant times mentioned in this Complaint, Defendants were acting

15    oppressively and/or with malice.

16                  **GENERAL ALLEGATIONS**

17    A.     PLAINTIFF KENT TWITCHELL'S MURALS

18          27.    Plaintiff Twitchell is an artist who has been painting public murals for

19    over 30 years. After serving as an illustrator in the Air Force, Twitchell moved to

20    Los Angeles in 1966. In 1972, he earned a Bachelor of Arts degree from the

21    California State University at Los Angeles, and in 1977 he earned a Masters of Fine

22    Arts degree from the Otis Arts Institute in Los Angeles. Twitchell has painted over

23    100 portraits within some 30 exterior murals, mostly in Los Angeles.

24          28.    Twitchell and his work have been featured in numerous publications,

25    magazines, books and television shows, including *The Los Angeles Times*, *Variety*,

26    *The New York Times*, *The Philadelphia Observer*, *Artweek* and "Charles Karault's

27    Sunday Morning."

28

B.    TWITCHELL AND THE CREATION OF THE RUSCHA
      MONUMENT

29.    In 1978, Twitchell began painting the Ruscha Monument on the face of the so-called "Los Angeles Job Corps Building," located at 1031 South Hill Street ("1031 S. Hill St.") in downtown Los Angeles, at the intersection of Hill and Olympic Streets.  Ed Ruscha is a prominent contemporary artist, and the Ruscha Monument is one in Twitchell's series depicting artists and other creative persons.

30.    On information and belief, the building at 1031 S. Hill St. is, and was at all times relevant, owned by the DOL and the United States and is housing the Job Corps.  On information and belief, the United States also owns the adjoining parking lot, access and use of which facilitated the desecration described herein.

31.    Twitchell's work on the Ruscha Monument began at the invitation of the Job Corps.  Twitchell worked on the mural (on a non-full time basis) between 1978 and 1987.

32.    When the mural was completed, the figure of Ruscha stood seventy feet tall.  The entire mural covered approximately 10,000 square feet.  A reproduction of a photograph of a portion of the Ruscha Monument is shown below and attached in larger format as Exhibit A hereto.



## C. DEFENDANTS' DESECRATION OF THE RUSCHA MONUMENT

33.     On information and belief, sometime in the last three years, the Chief Executive Officer of the YWCA, Faye Washington, requested of the DOL that repairs be made at 1031 S. Hill.  Sometime after that, representatives of PB Dewberry, a design, engineering and program management firm, visited 1031 S. Hill to inspect the building.  On information and belief, PB Dewberry recommended that certain work be done at 1031 S. Hill, which included or resulted in desecration of the Ruscha Monument.   On information and belief, Southern California Contractors was hired as the general contractor.

34.     On information and belief, Defendant Castlerock was hired pursuant to a subcontract by Southern California Contractors to perform lead paint abatement and related work on the Ruscha Monument, which resulted in holes being punched

1  in the Ruscha Monument.  On information and belief, Defendant Superior Wall

2  Systems was hired pursuant to a subcontract by Southern California Contractors to

3  perform work that resulted in desecration of the Ruscha Monument.  On

4  information and belief, Defendant Saunders & McMillin was hired pursuant to a

5  subcontract by Southern California Contractors to perform painting, which resulted

6  in the painting over of the Ruscha Monument.

7      35.    On information and belief, Does 7-10, working on behalf of PB

8  Dewberry, Southern California Contractors or any of the other subcontractors or the

9  United States, recommended that work be done on the wall resulting in the

10 desecration of the Ruscha Monument, or performed such work.

11     36.    On information and belief, in or about November, 2005, Defendant

12 John Fraley, the Los Angeles Job Corps Center's Director of Administrative

13 Services, placed an inquiry to the City of Los Angeles's Cultural Affairs

14 Department asking about any City laws pertaining to desecration and/or

15 preservation of murals.  On information and belief, the City expressly told Fraley

16 that the City has no such law or ordinance, but that federal (VARA) and state

17 (Cal. Civ. Code § 987, the California Art Preservation Act or "CAPA") statutes

18 expressly forbid desecration of public works of art without notification to the artist,

19 giving him an opportunity to remove the mural.

20     37.    On information and belief, Fraley communicated the requirements of

21 CAPA and VARA to Defendant Wallace, who was employed by Defendant DHA

22 and operating as an agent for Defendant PB Dewberry.  On information and belief,

23 Defendant Wallace told Fraley that he would need to pass the legal information

24 along Defendant DOL/United States.  On information and belief, Defendant

25 Wallace later authorized desecration of the Ruscha Monument without receiving

26 any further information relating to VARA and CAPA.

27     38.    On or about June 1, 2006, Nathan Zakheim, an art preservationist and

28 restorer, arrived at the Ruscha Monument to begin some preliminary repair work,

1   including removing some graffiti at the bottom of the mural.  Zakheim was under

2   contract with the City of Los Angeles to do such work.

3        39.    When Zakheim arrived at the Ruscha Monument on June 1, 2006, he

4   saw workmen punching holes into the exterior surface of the wall.  Zakheim took

5   photographs of that work being done.  A photograph of the mural on that day is

6   shown below and attached hereto in larger format as Exhibit B.



18        40.    Zakheim asked to speak with someone in charge.  On information and

19   belief, he was introduced to Defendant Robert Blew, who was the job

20   superintendent working for Defendant West Coast General.  On information and

21   belief, Defendants West Coast General and Southern California Contractors are

22   related to each other under the Small Business Administration's "mentor/protégé"

23   program, as detailed 13 C.F.R. §124.520.  Zakheim informed Blew that state and

24   federal laws prohibit desecration and mutilation of the Ruscha Monument and

25   asked him to stop work.  It was likely at that point that the mural could have been

26   restored, removed and recovered, using techniques that Zakheim has used to

27   successfully restore or relocate to Twitchell's satisfaction other murals painted by

28   Twitchell.  On information and belief, Blew refused.

41.   On information and belief, Does 1–3 are individuals or entities who ignored Zakheim's warnings regarding Twitchell's rights and/or performed work assisting in the desecration of the Ruscha Monument.  Plaintiff will seek leave to amend to add these Defendants when they are identified.

42.   The next day, on or about June 2, 2006, Zakheim returned to the 1031 S. Hill St.  The Ruscha Monument had been completely painted over.  The wall became one solid color.   A photograph of the current state of the Ruscha Monument is shown below and is attached hereto in larger format as Exhibit C.



Zakheim informed Twitchell of the desecration of the mural.   Twitchell was extremely distraught because the mural was one of his primary creations. Zakheim's call was the first Twitchell had heard of any plans to paint over or modify the Ruscha Monument.

43.   On information and belief, the Ruscha Monument was desecrated and painted over by individuals associated with Defendants Southern California Contractors, West Coast General, Saunders & McMillin, Castlerock, Superior Wall or Does 1-3 who were acting on instructions from Defendants PB Dewberry, the YWCA, DHA or the United States.  On information and belief, Defendants YWCA, Southern California Contractors, West Coast General, DHA and Does 1-3 and Does

1   7-10 knew or should have known facts which would warn a reasonable person that

2   the employee(s) of their respective firms presented an undue risk of harm to

3   Twitchell in light of the particular work to be performed.

4       44.   On information and belief, Does 4-6, working for the United States,

5   exercised power outside their scope of authority and authorized or ordered the

6   desecration of the Ruscha Monument.   Plaintiff reserves the right to amend this

7   Complaint to add those individuals as defendants when they are identified.

8       45.   On information and belief, Does 7-10 are also responsible for as yet

9   unknown acts and in unknown capacities for the desecration of the Ruscha

10   Monument.  Plaintiff reserves the right to amend this Complaint to add those

11   individuals as defendants when they are identified.

12

13   **FIRST CAUSE OF ACTION**

14   (Infringement of Right of Integrity (17 U.S.C. § 106A) Against All Defendants)

15       46.   Plaintiff realleges and reincorporates paragraphs 1-45 above, as

16   though set forth fully herein.

17       47.   Plaintiff Twitchell is the author of a work of visual art, the Ruscha

18   Monument, which he created between 1978 and 1987 on the site of 1031 S. Hill

19   St., Los Angeles, California.  Twitchell is a citizen of the United States.  The

20   Ruscha Monument was a work of recognized stature.  Title to the Ruscha

21   Monument had not passed prior to the effective date of VARA.

22       48.   On or about June 1 and June 2, 2006, Defendants willfully and

23   intentionally desecrated, distorted, mutilated, and otherwise modified the Ruscha

24   Monument, in violation of Twitchell's right of integrity therein, as set forth in

25   Title 17, Section 106A(a)(3)(A) and Section 106A(a)(3)(B) of the United States

26   Code.  Defendants did so by, among other things, punching dozens of holes in the

27   Ruscha Monument, then painting over it completely.  Twitchell was not notified.

28   Defendants were on notice as to Twitchell's legal right of integrity and its

1   protection under the laws of the United States and California.  Twitchell has not

2   waived any of his rights of integrity under Section 106A.

3       49.    Defendants' acts described above were willful and intentional and/or

4   grossly negligent.  Defendants' desecration, distortion, mutilation and other

5   modification of the Ruscha Monument is the proximate cause of prejudice to

6   Twitchell's honor or reputation.

7

8                        SECOND CAUSE OF ACTION

9   (Intentional Desecration of Fine Art – Cal. Civ. Code § 987(c) (1), (e), Against All

10                                  Defendants)

11      50.    Plaintiff incorporates paragraphs 1--45, above, as though set forth

12   fully herein.

13      51.    As more fully set forth above, between 1978 and 1987, Plaintiff

14   created the Ruscha Monument, a work of fine art and of recognized quality,

15   located at 1031 S. Hill St. in Los Angeles, California.

16      52.    On or about June 2, 2006, Defendants willfully and intentionally

17   distorted, mutilated, and otherwise modified the Ruscha Monument, in violation of

18   Twitchell's right of integrity therein, as set forth in Cal. Civ. Code § 987.

19   Defendants did so by punching dozens of holes in the Ruscha Monument, then

20   painting over it completely, all without notice to Twitchell.  Defendants were on

21   notice as to Twitchell's right of integrity, as protected both under the laws of the

22   United States and California.

23      53.    Defendant's willful and intentional distortion, mutilation and other

24   modification of the Ruscha Monument is the proximate cause of damage to

25   Twitchell in the amount of at least $5 million.

26      54.    In committing the acts described in this complaint, Defendants, and

27   each of them, acted in conscious disregard of the rights of Twitchell and were

28   guilty of malice, oppression and fraud in that they had been notified of Twitchell's

13

1    rights of integrity on at least two occasions but consciously chose to desecrate the

2    Ruscha Monument without any notice to Twitchell and without taking advantage

3    of preservation techniques that would have saved the Ruscha Monument for future

4    enjoyment.  The conduct of Defendants warrants an assessment of punitive

5    damages to the extent such damages are available against each Defendant, in an

6    amount appropriate to punish Defendants and deter others from engaging in

7    similar wrongful conduct.

8

9                    THIRD CAUSE OF ACTION

10    (Grossly Negligent Desecration of Fine Art (Cal Civ. Code § 987(c) (2), (e)),

11                       Against All Defendants)

12        55.    Plaintiff incorporates paragraphs 1--45, above, as though set forth

13    fully herein.

14        56.    As more fully set forth above, between 1978 and 1987, Plaintiff

15    created the Ruscha Monument at 1031 S. Hill St. in Los Angeles, California.  The

16    Ruscha Monument is a work of fine art and of recognized quality.

17        57.    On or about June 2, 2006, Defendants, to the extent they were

18    entrusted to preserve and restore the Ruscha Monument, defaced, mutilated,

19    altered and desecrated the Ruscha Monument by acts constituting gross negligence

20    and/or intentional conduct.

21        58.    The conduct of Defendants in attempting to preserve the Ruscha

22    Monument in a way that resulted in the desecration of the Monument, despite

23    actual knowledge of Plaintiff's rights, was carried on by Defendants in conscious

24    disregard of Twitchell's rights.  The conduct of Defendants was malicious and

25    oppressive so as to warrant an assessment of punitive damages, to the extent such

26    damages are available against each Defendant, in an amount appropriate to punish

27    Defendants and deter others from engaging in similar wrongful conduct.

28

1

## FOURTH CAUSE OF ACTION

2

(Conversion Against All Defendants)

3    59.    Plaintiff incorporates paragraphs 1 - 45 above, as though set forth

4    fully herein.

5    60.    As more fully set forth above, between 1978 and 1987, Plaintiff

6    created the Ruscha Monument at 1031 S. Hill St. in Los Angeles, California.

7    61.    Twitchell has rights of ownership in the Ruscha Monument.  On or

8    about June 2, 2006, Defendants intentionally deprived Twitchell of those rights by

9    mutilating and ultimately desecrating the Ruscha Monument.  Defendants' acts

10   constitute a permanent deprivation of Twitchell's rights and constitute a

11   conversion under California law.

12   62.    The conduct of Defendants in converting Twitchell's property was

13   carried on by Defendants in conscious disregard of Twitchell's rights.  The

14   conduct of Defendants was so malicious, fraudulent and oppressive as to warrant

15   an assessment of punitive damages, to the extent such damages are available

16   against each Defendant, in an amount appropriate to punish Defendants and deter

17   others from engaging in similar wrongful conduct.

18

19

## FIFTH CAUSE OF ACTION

20   (Negligence Against Defendants West Coast General, Southern California

21   Contractors, PB Dewberry, Saunders & McMillin, Castlerock, Superior Wall,

22   DOL/United States, DHA, Richard P. Wallace and Does 1-3 and 7-10)

23   63.    Plaintiff incorporates paragraphs 1--45, above, as though set forth

24   fully herein.

25   64.    As more fully set forth above, between 1978 and 1987, Plaintiff

26   created the Ruscha Monument at 1031 S. Hill St. in Los Angeles, California.

27   65.    Twitchell has rights of ownership in the Ruscha Monument.

28   66.    By electing to make repairs on 1031 S. Hill St. in a manner that

15

1  required alternation of the Ruscha Monument, Defendants PB Dewberry, Saunders

2  & McMillin, Castlerock, Superior Wall Systems, Does 1-3 and Does 7-10 owed a

3  duty of due care to Plaintiff Twitchell to preserve the Ruscha Monument.

4    67. On or about June 2, 2006, Defendants PB Dewberry, Saunders &

5  McMillin, Castlerock, Superior Wall Systems West Coast General, Southern

6  California Contractors, DHA, Richard P. Wallace, Does 1-3 and Does 7-10

7  breached their duty of due care  by, among other things, punching holes in the

8  Ruscha Monument and later painting completely over the top of the Ruscha

9  Monument.

10    68. As a foreseeable and proximate result of those acts, Plaintiff

11  Twitchell has lost all of his property rights in the Ruscha Monument, and has

12  suffered great harm to his professional reputation.

13

14  <u>SIXTH CAUSE OF ACTION</u>

15  (Unfair Competition – <u>Cal. Bus. &, Prof. Code</u> § 17200 *et seq.* against all

16  Defendants)

17    69. Plaintiff Twitchell realleges and reincorporates the allegations of

18  paragraphs 1-45 above.

19    70. Defendants' actions complained of herein are unlawful, unfair, or

20  fraudulent business acts or practices, constituting unfair competition in violation of

21  California Business and Professions Code §17200 *et seq.*  Specifically, as more

22  fully set forth above, Defendants' actions constitute violations of the Copyright Act

23  (17 U.S.C. § 101, *et seq.*), <u>Cal. Civ. Code</u> § 987 and California common law.

24    71. Twitchell has suffered injury in fact and lost property as a result of

25  Defendants' acts unfair competition and unlawful practices, as described above.

26  Accordingly, Twitchell is entitled to an Order under California Business and

27  Professions Code §17203 for restitution.

28    72. Plaintiff Twitchell realleges and reincorporates the allegations of

1    paragraphs 1-45 above.

2         73.    Twitchell has rights of ownership in the Ruscha Monument.

3         74.    As a result of the work to be performed on the Ruscha Monument,

4    Defendants YWCA, Southern California Contractors, West Coast General, DHA

5    and Does 1-3 and Does 7-10 owed a duty of due care to Plaintiff Twitchell to

6    preserve the Ruscha Monument.

7         75.    On or about June 2, 2006, Defendants YWCA, Southern California

8    Contractors, West Coast General, DHA and Does 1-3 and Does 7-10 breached their

9    duty of due care by, among other things, punching holes in the Ruscha Monument

10   and later painting completely over the top of the Ruscha Monument.

11        76.    Defendants YWCA, Southern California Contractors, West Coast

12   General, DHA and Does 1-3 and Does 7-10 knew or should have known facts

13   which would warn a reasonable person that the employee(s) of their respective

14   firms presented an undue risk of harm to Twitchell in light of the particular work to

15   be performed.

16        77.    As a foreseeable and proximate result of those acts, Plaintiff Twitchell

17   has lost all of his property rights in the Ruscha Monument, and has suffered great

18   harm to his professional reputation.

19

20                          SEVENTH CAUSE OF ACTION

21        (Negligent Supervision against Defendants Southern California Contractors,

22                     West Coast General, the YWCA and DHA)

23        78.    Plaintiff Twitchell realleges and reincorporates the allegations of

24   paragraphs 1-45 above.

25        79.    Twitchell has rights of ownership in the Ruscha Monument.

26        80.    As a result of the work to be performed on the Ruscha Monument,

27   Defendants YWCA, Southern California Contractors, West Coast General, DHA

28   and Does 1-3 and Does 7-10 owed a duty of due care to Plaintiff Twitchell to

1    preserve the Ruscha Monument.

2        81.    On or about June 2, 2006, Defendants YWCA, Southern California

3    Contractors, West Coast General, DHA and Does 1-3 and Does 7-10 breached their

4    duty of due care by, among other things, punching holes in the Ruscha Monument

5    and later painting completely over the top of the Ruscha Monument.

6        82.    Defendants YWCA, Southern California Contractors, West Coast

7    General, DHA and Does 1-3 and Does 7-10 knew or should have known facts

8    which would warn a reasonable person that the employee(s) of their respective

9    firms presented an undue risk of harm to Twitchell and his property in light of the

10   particular work to be performed.  As a foreseeable and proximate result of those

11   acts, Plaintiff Twitchell has lost all of his property rights in the Ruscha Monument,

12   and has suffered great harm to his professional reputation.

13

14                          <u>PRAYER FOR RELIEF</u>

15       WHEREFORE, Plaintiff Kent Twitchell prays for judgment in his favor and

16   against Defendants as follows:

17       a.    That the Court preliminarily and permanently enjoin Defendants, their

18   subsidiaries, parent and affiliated companies, successors, assigns, officers,

19   directors, agents, partners, servants, employees, licensees, licensors and attorneys

20   of those companies or individuals, and all others in active concert or participation

21   with Defendants, from further desecration of the Ruscha Monument;

22       b.    That the Court order Defendants to pay for adequate testing

23   and, if possible, restoration and/or removal of the Ruscha Monument.

24       c.    That the Court order Defendants to pay to Twitchell

25   damages sufficient to compensate him for all damages resulting from

26   desecration of the Ruscha Monument, including, but not limited to

27   deprivation of Twitchell's property rights and damage to his reputation;

28       d.    That the Court assess punitive damages against Defendants

                                    18

1  (except the United States) sufficient to punish them others from

2  engaging in similar conduct in the future;

3       e.    That the Court award Twitchell his statutorily mandated

4  costs of this action, together with reasonable attorneys' fees, experts and

5  disbursements; and

6       f.    That the Court grants such other and further relief as the

7  Court deems just and equitable.

8

9  DATED:    August 20 2007       SHELDON MAK ROSE & ANDERSON PC

10

11                      By:

12                          William J. Brutocao

13                          A. Eric Bjorgum

14                          Attorneys for Plaintiff

                         Kent Twitchell

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2

## AGAINST ALL DEFENDANTS EXCEPT THE UNITED STATES

3          Plaintiff hereby demands trial by jury as against all Defendants except the

4   United States.

5

6   DATED: August _20_, 2007          SHELDON MAK ROSE & ANDERSON PC

7

8                                     By: _____

9                                         William J. Brutocao

10                                        A. Eric Bjorgum
                                          Attorneys for Plaintiff
11                                        Kent Twitchell

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



Exhibit A

21

SCANNED



Exhibit B

22

**EXHIBIT C**



Exhibit C

23

SCANNED

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO 1105-0008 |
|---|---|---|

| 1  Submit To Appropriate Federal Agency | 2  Name, Address of claimant and claimant's personal representative, if any (See instructions on reverse) (Number, Street, City, State and Zip Code) |
|---|---|
| Department of Labor in its own capacity and in its capacity as Administrator of the Job Corps. A similar claim is being filed with the GSA as a precautionary matter | Kent Twitchell, 100 Loma Avenue, Long Beach, California 90803 A Eric Bjorgum, Esq., Sheldon & Mak PC, 225 South Lake Avenue  Pasadena, California 91101 |

| 3  TYPE OF EMPLOYMENT □ MILITARY □ CIVILIAN | 4. DATE OF BIRTH 8/17/1942 | 5. MARITAL STATUS Married | 6  DATE AND DAY OF ACCIDENT 6/1/2006      -Select Day- | 7  TIME (A M OR P.M) |
|---|---|---|---|---|

8  Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary)

The basis of this claim is the wrongful and tortious conduct of the United States Department of Labor ("DOL") and its agents and representatives in desecrating, mutilating and possibly totally destroying claimant Kent Twitchell's mural entitled "Ed Ruscha Monument" ("the Work"). The Work was a six story 70 foot tall mural portrait of the artist Ed Ruscha, which took Twitchell nine years of on-again-off-again work to complete, it was painted onto the side of a Job Corps building owned by the United States and the DOL and located at 1031 S  Hill Street, Los Angeles, California. Twitchell is a prominent public artist and highly regarded muralist whose work appears throughout Los Angeles and in other U.S. cities. The Work was recognized as one of his greatest achievements, particularly for its cultural contribution to Los Angeles. Ed Ruscha is among the greatest living artists from Los Angeles, and has a national and international reputation. (See Attachment "A")

| 9 | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side)
The Work was a mural occupying the entire side of a building occupied by the DOL's Job Corps, owned by the DOL and located at 1031 S  Hill Street  Los Angeles, California. The Work has been desecrated, covered over and likely been destroyed (See Attachment "B")

| 10 | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT
Under VARA, 17 U.S.C. § 106A, inter alia and Cal Civ Code § 987, Twitchell's right of integrity in the Work has been completely destroyed or severely impaired. This incident has left a hole in his oeuvre that cannot be filled. Personally, he is in a state shock and disbelief and has suffered emotional pain. Under California common and statutory law, Twitchell has been permanently and completely deprived of his rights of ownership in the Work such that the Department's actions have effected a conversion and taking of his property

| 11 | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number  Street  City  State, and Zip Code) | |
| i  Kent Twitchell | i. See Above | |
| ii  Nathan Zakheim | ii  P O Box 11929, Marina Del Rey, California 90295-2929 | |
| iii  Pat Gomez  Los Angeles Department of Cultural Affairs | iii  201 N  Figueroa Street  Suite 1400, Los Angeles, California 90012 | |

| 12 (See instructions on reverse) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a  PROPERTY DAMAGE | 12b  PERSONAL INJURY | 12c  WRONGFUL DEATH | 12d  TOTAL (Failure to specify may cause forfeiture of your rights) |
| $5,000,000 00 | $500 000 00  See Att D | | $5,500,000 00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a  SIGNATURE OF CLAIMANT (See instructions on reverse side) | 13b  Phone number of person signing form | 14  DATE OF SIGNATURE |
|---|---|---|
| E. Cil   Attorney for Kent Twitchell (see letter) | (626) 796-4000 | July 30, 2006 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2 000 plus double the amount of damages sustained by the United States (See 31 U S C  3729) | Fine of not more than $10 000 or imprisonment for not more than 5 years or both (See 18 U S C  287, 1001) |

95 109

**EXHIBIT D**

Blumberg No 8119

NSN 7540-00-634-4046

STANDARD FORM 95
PRESCRIBED BY DEPT OF JUSTICE
28 CFR 14 2

**INSURANCE COVERAGE**

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property

15  Do you carry accident insurance? [ ] Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number   [X] No

To the best of Claimant's current knowledge, there is no insurance protection applicable here   Mr Twitchell has no such insurance covering this claim

16  Have you filed a claim on your insurance carrier in this instance  and if so  is it full coverage or deductible?

[ ] Yes

[X] No

Full Coverage [ ]

Deductible [ ]

17  If deductible, state amount

18  If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?  (It is necessary that you ascertain these facts )

19  Do you carry public liability and property damage insurance?  [ ] Yes    If yes, give name and address of insurance carrier (Number  Street  City, State  and Zip Code)   [X] No

---

**INSTRUCTIONS**

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident  If the incident involves more than one claimant, each claimant should submit a separate claim form

**Complete all Items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT  HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE  AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations Part 14  Many agencies have published supplementing regulations  If more than one agency is involved  please state each agency

The claim may be filed by a duly authorized agent or other legal representative  provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant  A claim presented by an agent or legal representative must be presented in the name of the claimant  If the claim is signed by the agent or legal representative  it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent  executor  administrator  parent  guardian or other representative

If claimant intends to file for both personal injury and property damage  the amount for each must be shown in item #12 of this form

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY  PERSONAL INJURY  OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT  THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred

(b) In support of claims for damage to property, which has been or can be economically repaired  the claimant should submit at least two itemized signed statements or estimates by reliable disinterested concerns, or if payment has been made  the itemized signed receipts evidencing payment

(c) In support of claims for damage to property which is not economically repairable  or if the property is lost or destroyed  the claimant should submit statements as to the original cost of the property  the date of purchase  and the value of the property, both before and after the accident  Such statements should be by disinterested competent persons  preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights

---

**PRIVACY ACT NOTICE**

This Notice is provided in accordance with the Privacy Act, 5 U S C  552a(e)(3) and concerns the information requested in the letter to which this Notice is attached
  A  Authority  The requested information is solicited pursuant to one or more of the following  5 U S C  301, 28 U S C  501 et seq , 28 U S C  2671 et seq , 28 C F R  Part 14

B  Principal Purpose  The information requested is to be used in evaluating claims
C  Routine Use  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information
D  Effect of Failure to Respond  Disclosure is voluntary  However, failure to supply the requested information or to execute the form may render your claim "invalid"

**PAPERWORK REDUCTION ACT NOTICE**

This notice is solely for the purpose of the Paperwork Reduction Act 44 U S C  3501  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions  searching existing data sources  gathering and maintaining the data needed  and completing and reviewing the collection of information  Send comments regarding this burden estimate or any other aspect of this collection of information  including suggestions for reducing this burden, to the Director  Torts Branch  Attention  Paperwork Reduction Staff  Civil Division  U S  Department of Justice  Washington D C  20530 or to the Office of Management and Budget  Do not mail completed form(s) to these addresses

25

# Kent Twitchell Studio
100 Loma Avenue #302  Long Beach, CA 90803

June 6, 2006

Sheldon & Mak
225 South Lake Avenue, 9th Floor
Pasadena, California 91101

I have empowered Les Weinstein and the Pasadena Law Firm of
Sheldon & Mak to represent me with regards to my "Ed Ruscha
Monument" mural, at 1031 South Hill St in Downtown Los
Angeles, being purposely damaged during the month of May and
then illegally painted out on June 2, 2006.

Kent Twitchell

Cell (213) 804-6769

26

## Attachment A

Twitchell brings this claim under the Federal Tort Claims Act, 28 U.S.C. § 1346 and related sections of Title 28 of the United States Code. Pursuant to, *inter alia*, 17 U.S.C § 106A, Twitchell possesses a statutory right of integrity, pursuant to which he could prevent the distortion, mutilation or other modification of the Work. Pursuant to Cal. Civ Code § 987, Twitchell is also given similar, but not entirely co-extensive, rights by California law. The California law provides claims for both intentional destruction of a work of fine art and grossly negligent destruction of a work of fine art by someone entrusted to restore or maintain the work. Most importantly, under the law, Twitchell had the right to receive prior notice before the Work was mutilated, distorted, destroyed or painted over, so that he could seek to prevent such damage or recover the work  The Work meets all of the requirements for protection under these statutes. *i e.*, it was not a work for hire, title was never transferred from Twitchell, and the Work could have been removed by, for instance, mural preservationist Nathan Zakheim who has successfully moved other Twitchell murals. Twitchell has further rights under California and federal law to be free from conversion, destruction or taking of his property. Despite these rights and two warnings, on or about June 1, 2006, holes were punched in the Work, and on or about June 2, 2006, the Work was painted over by the DOL and its agents and contractors making recovery difficult, if not impossible or impracticable  Twitchell received no required statutory or other notice, and the Work has been completely either severely damaged or destroyed.

Twitchell's investigation of the events is still proceeding  However, at the present time, it appears that Ms. Faye Washington, of the YWCA for Greater Los Angeles, acting on behalf of the Job Corps and DOL, requested that work be done on the building at 1031 S. Hill St   A government-selected engineering consultant and contractor, McKissack & McKissack, visited the property and identified work to be done. Ms. Washington was required to identify and select the contractor to do work on the building which she did via consulting the Small Business Administration. She selected Southern California Contractors, Inc., which is a protégé to the larger West Coast General Corp. At some point, apparently at the behest of McKissack & McKissack, Mr. Fraley (an employee of the Los Angeles Job Corps and the YWCA) called the Los Angeles Department of Cultural Affairs to request information about altering or defacing murals. He was told that both state and federal law required notification of the artist and was referred to VARA and the California law  Apparently, this recommendation was ignored by Mr Fraley and McKissack & McKissack, and the Ruscha Monument was first severely damaged on or about June 1, 2006, by putting over 200 holes in it, and then, despite a warning, it was painted over on or about June 2, 2006. Coincidentally, Mr. Zakheim was inspecting the mural to conduct some minor restoration work commissioned by the City of Los Angeles, and he saw holes being punched into the Work. He asked to speak to a foreman, and was introduced to Mr Blew, who asked that Mr Zakheim leave the premises after Mr. Blew was told that the ongoing desecration and damage was unlawful. Sometime in the next 36 hours, the mural was painted over

## Attachment B

There is some chance that the Work could be partially restored, but time is of the essence, and there is little chance that the Work could likely recapture its original grandeur and quality without extensive further work.

## Attachment C

iv   Unknown Department of Labor, YWCA and Job Corps employee(s) who authorized destruction of mural

v.   Bob Blew, Superintendent West Coast General Corp., 13685 Stove Drive, Suite B, Poway, CA 92064.

vi.   Robert Bustamante, President, Southern California Contractors, Inc., 15282 Hanover Lane, Huntington Beach, Los Angeles, CA 92647

vii.   Faye Washington, Director, YWCA for Greater Los Angeles, 3345 Wilshire Blvd, Suite 300, Los Angeles, CA 90010-1810

viii.   John Fraley, Facilities Administrator for the Los Angeles Job Corps., 1031 South Hill Street, Los Angeles, CA

ix.   Unknown individuals at McKissack & McKissack

x.   Possible joint venture partners, contractors or subcontractors of McKissack & McKissack

## Attachment D

Property damage. $5 million   Personal injury· $500,000   Mr Twitchell will also seek attorney's fees against the United States and Department of Labor under any applicable statute, including the Equal Access to Justice Act and California law

# PROOF OF SERVICE
CCP §§ 1013, 1013a  (New January 1, 2005)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1      I am over 18 years of age and **not a party to this action**.  I am a resident of or
       employed in the county where the mailing took place.

2      My business address is. 100 East Corson Street, Third Floor, Pasadena, CA 91103

3      On **August 20, 2007**, I mailed from Pasadena, California the following document(s):

       **STIPULATION REGARDING SECOND AMENDED COMPLAINT**

       ☐   The documents are listed on Attachment "A."

4.     I served the documents by enclosing them in an envelope and

       a. ☐   **depositing** the sealed envelope with the United States Postal Service with
              the postage fully prepaid.

       b. X   **placing** the envelope for collection and mailing following our ordinary
              business practices.  I am readily familiar with this business's practice for
              collecting and processing correspondence for mailing.  On the same day that
              correspondence is placed for collection and mailing, it is deposited in the
              ordinary course of business with the United States Postal Service in a sealed
              envelope with postage fully prepaid

5.     The envelope was addressed and mailed as follows:

       a. **Name** of person served:
       b  **Address** of person served:

       X    The name and address of each person to whom I mailed the document(s) is
       listed on Attachment "B."

       I declare under penalty of perjury under the laws of the United States of America
       that the foregoing is true and correct   I further declare that I am employed in the
       office of a member of the bar of this Court, at whose direction the service was
       made.

Executed on **August 20, 2007** at Pasadena, California

*Christina Champagn*
Christina Champagne

Kent Twitchell v. West Coast General Corp., *et al*
U.S.D.C. - C.D. California, Case No. CV 06-4857 FMC (RZx)

# ATTACHMENT "B" - SERVICE LIST

Jason R. Thornton, Esq
Justin M Stoger, Esq.
MARKS, GOLIA & FINCH, LLP
2900 Harney Street, First Floor
San Diego, California 92110-2825

Counsel for Defendants
West Coast General Corporation,
Southern California Contractors, Inc.
and Robert Blew


Henry H Oh, Esq.
Yen N. Nguyen, Esq.
DLA PIPER US LLP
550 South Hope Street, Suite 2300
Los Angeles, California  90071-2631

Counsel for Defendants
Young Women's Christian Association Of
Greater Los Angeles, California and
John Fraley


Steven H. Schwartz, Esq.
Noel-E. Macaulay, Esq
SCHWARTZ & JANZEN, LLP
12100 Wilshire Boulevard, Suite 1125
Los Angeles, California  90025-7117

Counsel for Defendant
PB Dewberry, A Parsons Brinkerhoff
Dewberry Design Group Joint Venture


George S Cardona, Esq.
Leon W. Weidman, Esq.
Russell W. Chittenden, Esq.
OFFICE OF THE U S ATTORNEY
Room 7516, Federal Building
300 North Los Angeles Street
Los Angeles, California  90012

Counsel for Defendants
United States of America and United
States Department of Labor


Glenn M. Horan, Esq
LAW OFFICES OF GLENN M HORAN
650 Town Center Drive, Suite 1300
Costa Mesa, California  92626

Counsel for Defendant
Castlerock Environmental, Inc.

John F. Ramey, Esq.
Bradley V. DeBlanc, Esq.
RAMEY & DeBLANC, LLP
6033 West Century Boulevard, Suite 1180
Los Angeles, California  90045

Counsel for Defendant
Saunders & McMillin, Inc.


Nicholas A. Cipiti, Esq.
Sage R Knauft, Esq.
Wesley A Tonel, Esq.
WALSWORTH, FRANKLIN, BEVINS &
McCALL, LLP
1 City Boulevard West, Fifth Floor
Orange, California 92868-3677

Counsel for Defendant
Superior Wall Systems, Inc.