UNITED STATES DISTRICT COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KENT TWITCHELL,<br><br>  Plaintiff,<br><br>  v.<br><br>WEST COAST GENERAL CORP.; *et al.*,<br><br>  Defendants.<br><br>─────────────────────<br>RELATED CROSS-CLAIMS.<br>─────────────────────<br>RELATED THIRD-PARTY CLAIMS. | Case No. 2:06-cv-04857-FMC-RZx<br><br>**ORDER OF COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677** |

Pursuant to the Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims between federal defendants United States of America ("United States") and United States Department of Labor ("DOL") and plaintiff Kent Twitchell, IT IS HEREBY ORDERED that:

1.  The parties do hereby agree to settle and compromise each and

every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in the Stipulation for Compromise Settlement.

2. The United States agrees to pay the sum of $250,000.00 (Two Hundred and Fifty Thousand Dollars), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which Twitchell or Twitchell's guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees.

3. Twitchell and Twitchell's guardians, heirs, executors, administrators or assigns hereby agree to accept the sums set forth in the Stipulation for Compromise Settlement in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States, its agents, servants, and employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any

|    |    |    |
|----|----|----|
| 1  |    | kind or type whatsoever, whether known or unknown, and |
| 2  |    | whether for compensatory or exemplary damages.  Twitchell |
| 3  |    | and Twitchell's guardians, heirs, executors, administrators, or |
| 4  |    | assigns further agree to reimburse, indemnify, and hold harmless |
| 5  |    | the United States, its agents, servants, and employees from and |
| 6  |    | against any and all such causes of action, claims, liens, rights, or |
| 7  |    | subrogated or contribution interests incident to or resulting from |
| 8  |    | further litigation or the prosecution of claims by Twitchell and |
| 9  |    | Twitchell's guardians, heirs, executors administrators, or assigns |
| 10 |    | against any third party or against the United States, including |
| 11 |    | claims for wrongful death. |
| 12 | 4. | The Stipulation for Compromise Settlement is not, is in no way |
| 13 |    | intended to be, and should not be construed as, an admission of |
| 14 |    | liability or fault on the part of the United States, its agents, |
| 15 |    | servants, or employees, and it is specifically denied that they are |
| 16 |    | liable to Twitchell.  The settlement is entered into by all parties |
| 17 |    | for the purpose of compromising disputed claims under the |
| 18 |    | Federal Tort Claims Act and avoiding the expenses and risks of |
| 19 |    | future litigation. |
| 20 | 5. | It is also understood by and among the parties that pursuant to |
| 21 |    | Title 28, United States Code, Section 2678, attorney's fees for |
| 22 |    | services rendered in connection with this action against the |
| 23 |    | United States shall not exceed 25 percent of the amount of the |
| 24 |    | compromise settlement. |
| 25 | 6. | The persons signing the Stipulation for Compromise Settlement |
| 26 |    | warrant and represent that they possess full authority to bind the |
| 27 |    | persons on whose behalf they are signing to the terms of the |
| 28 |    | settlement. |

7. Payment of the settlement amount will be made by check drawn on the Treasury of the United States for $250,000.00 (Two Hundred and Fifty Thousand Dollars) and made payable to Kent Twitchell, Plaintiff, and Sheldon Mak Rose & Anderson PC, Twitchell's attorney.  Upon receipt of the check by the U.S. Attorney's Office, the check will be delivered to Twitchell's attorney.  Twitchell's attorney agrees to distribute the settlement proceeds to Twitchell.

8. In exchange for payment of the sum stated above, Twitchell will dismiss this action with prejudice as to the United States and DOL.

9. Twitchell agrees that Twitchell is obligated to pay any and all liens from any and all insurance companies and any and all other persons or organizations who have or claim to have subrogated assigned claims arising out of or related to the subject matter of this suit.

Dated: July 24, 2008

_____
Honorable Florence-Marie Cooper
United States District Court Judge